# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2022

Lyle W. Cayce
Clerk

No. 20-20496

Earnest J. Matthews,

*Plaintiff—Appellant*,

*versus*

John Francis Healey, Jr., *Fort Bend County District Attorney*; Troy Nehls, *Fort Bend County Sheriff*; Estate of Milton Wright, *Former Fort Bend County Sheriff*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2978

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Earnest J. Matthews, Texas prisoner # 1191251, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's order dismissing as frivolous, under 28 U.S.C. § 1915(e)(2)(B), his lawsuit against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20496

former Fort Bend County District Attorney John Francis Healey, Jr., former Fort Bend County Sheriff Milton Wright, and Fort Bend County Sheriff Troy Nehls. In his complaint, Matthews alleged that the three failed to investigate or prosecute Matthews's claims that a certain individual had sexually assaulted both him and young girls. The district court denied his IFP motion, certifying that his appeal was not taken in good faith.

By moving to proceed IFP, Matthews is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Matthews reiterates certain factual allegations from his complaint, but he briefs no argument as to the reasons for the order of dismissal beyond vaguely asserting that his lawsuit raises issues of public importance. Likewise, Matthews provides no argument challenging the district court's reasons for certifying that his appeal is not taken in good faith. Although we liberally construe briefs of pro se litigants, even pro se parties must brief the issues and reasonably comply with the requirements of the Federal Rules of Appellate Procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). By failing to point to any error in the district court's decision, Matthews has abandoned a challenge to the certification decision and has failed to show that he will raise a nonfrivolous issue for appeal. *See id.*; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Howard*, 707 F.2d at 220.

Accordingly, the motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.

The district court's dismissal of the complaint as frivolous and the dismissal of this appeal as frivolous each count as a strike under § 1915. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Matthews is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).